**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 97-40536

---

KEVIN UNDERWOOD,

Plaintiff-Appellant,

VERSUS

MICHAEL WILSON, Senior Warden, Michael Unit; ROBERT HERRERA, Assistant Warden, Michael Unit; ALTON D. CASKEY, Assistant Warden Michael Unit; EDWARD L. GALLOWAY, Chief of Classification, Michael Unit, DOUGLAS W. SATTERFIELD, Administrative Tech III, Michael Unit; RAYMOND BYRD, Major, Michael Unit,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Eastern District of Texas

---

August 14, 1998

Before HIGGINBOTHAM, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

On October 8, 1996, Kevin Underwood, Texas prisoner #579650, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various officials of the Michael Unit, alleging that the defendants assigned him to jobs which forced him to perform work beyond his physical capabilities and medical work restrictions. He sought

1

monetary and injunctive relief.

Beginning on October 15, 1996, through March 18, 1997, the district court entered numerous orders continuing the case to allow Underwood to exhaust his administrative remedies. On March 31, 1997, the magistrate judge recommended that Underwood's complaint be dismissed without prejudice for failure to exhaust administrative remedies.

Underwood objected, arguing that the magistrate judge failed to determine whether he had made a reasonable and good-faith effort to pursue his administrative remedies, and failed to determine whether the remedies were "adequate and speedy." He argued that after filing suit he had attempted to exhaust his administrative remedies.

The district court overruled Underwood's objections and noted that 42 U.S.C. § 1997e had been amended and no longer provides the court the opportunity to continue cases until a prisoner has exhausted his administrative remedies, but it requires that such a case be dismissed. The district court conceded that the administrative grievance procedure is often slow, but found that Underwood had failed to provide "a meritorious reason for failing to exhaust his administrative remedies prior to bringing a lawsuit." The district court ordered that the complaint be dismissed with prejudice for purposes of proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(d). Underwood filed a timely notice of appeal. The district court granted him leave to proceed

IFP on appeal and entered a payment schedule.

ANALYSIS

Underwood argues on appeal that the district court erred in dismissing his complaint with prejudice for failure to exhaust his prison administrative remedies. Underwood argues that before dismissing his complaint with prejudice, the district court was required to determine whether he had made a good-faith attempt to exhaust his administrative remedies. He also argues that the district court erred in dismissing his complaint without determining whether the available administrative remedies were "adequate and speedy" and certified to be in compliance with statutory minimum standards.

Until the enactment of the Prison Litigation Reform Act of 1995("PLRA"), Pub. L. No. 104-134, § 803, 110 Stat. 1321 (Apr. 26, 1996), § 1997e provided that in any action brought under § 1983 by a prisoner,

> the court shall, if the court believes that such a requirement would be appropriate and in the interests of justice, continue such a case for a period not to exceed 180 days in order to require exhaustion of such plain, speedy, and effective administrative remedies as are available. (2) The exhaustion of administrative remedies under paragraph (1) may not be required unless the attorney general has certified or the court has determined that such administrative remedies are in substantial compliance with the minimum acceptable standards promulgated under subsection (b) of the section or are otherwise fair and effective.

1997e(a)(West 1994).

This court has held that a district court can dismiss a § 1983

3

suit following a continuance if the prisoner fails to pursue his administrative remedies. *See Rocky v. Vittorie*, 813 F.2d 734, 736 (5th Cir. 1987). Before dismissing a § 1983 suit with prejudice under this former version of § 1997e, the district court was required to determine whether the plaintiff had "made a good-faith attempt to exhaust his administrative remedies." *See id.* at 737. The court has also held that § 1997e's exhaustion requirement applies to a prisoner's § 1983 suit seeking both injunctive and monetary relief. *Arvie v. Stalder*, 53 F.3d 702, 706 (5th Cir. 1995).

However, as part of the PLRA, Congress amended § 1997e which now provides that

> no action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

§ 1997e(a)(West Supp. 1997). Because Underwood filed his complaint after April 26, 1996, the PLRA's amendment to § 1997e applies to his complaint.

The Tenth Circuit recently explained that

> Congress amended § 1997e to make the "exhaustion provisions mandatory rather than directory." Historical and Statutory Notes, 42 U.S.C.A. § 1997e (West Supp. 1997). Under the pre-PLRA version of § 1997e, courts were directed to stay actions not administratively exhausted. If the court believe[d] that such a requirement would be appropriate and in the interests of justice." 42 U.S.C. §1997e(a)(1)(1994)(amended 1996). Under the current version, by contrast, courts are directed that "[n]o action shall be brought . . . until

4

such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a)(West Supp. 1997).

*Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997).

Under the present version of § 1997e, the district court is no longer required to determine whether a prisoner such as Underwood has reasonably and in good-faith pursued his administrative remedies. Thus, Underwood's argument that the district court erred in failing to make such a finding, lacks an arguable basis in law. Similarly, the current version of § 1997e requires exhaustion of "such administrative remedies as are available." It no longer requires "exhaustion of such plain, speedy, and effective administrative remedies as are available." § 1997e(a)(1)(1994). Nor does it require certification or determination that such administrative remedies comply with minimal standards. *Compare* § 1997e (West Supp. 1997), *with* § 1997e(a)(2)(1994).

Our task is to determine what the revised version of § 1997e requires of Underwood and whether he has met those requirements.

## 1.  The jurisdictional implications of amended § 1997e.

A statute requiring exhaustion of administrative remedies may be jurisdictional if it is "more than a codified requirement of administrative exhaustion" and contains "sweeping and direct" statutory language that goes beyond a requirement that only exhausted actions be brought. *See Weinberger v. Salfi*, 422 U.S. 749, 757 (1975). For example, the Supreme Court has held that language in the Social Security Act mandating utilization of

5

administrative procedures is jurisdictional. *Id.* That determination turned on the fact that cited portions of the statute in question made the administrative decision of the Secretary "binding," set forth limited procedures for judicial review, and denied the existence of any civil cause of action arising under the Social Security Act. *Id.* (reading 42 U.S.C. § 405(h) to dictate that "[n]o action . . . shall be brought under 28 U.S.C. § 1331).

In contrast, § 1997e(a) contains no such sweeping and direct language barring federal question jurisdiction under 28 U.S.C. § 1331. Rather than proscribing the existence of a federal cause of action, the Civil Rights Act specifically creates a civil cause of action. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress . . ."). Section 1997e(a) merely provides that "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." This is precisely the type of language held in *Weinberger v. Salfi* not to limit federal jurisdiction. *See Zipes v. TransWorld Airlines*, 455 U.S. 385, 393 (1982)(holding that under Title VII the filing of a timely charge with the EEOC is not

a jurisdictional prerequisite to suit in federal court but rather a requirement, like a statute of limitations, that is subject to waiver, estoppel, and equitable tolling.); *cf. Sharpe v. FDIC*, 126 F.3d 1147, 1155 (9th Cir. 1997)(finding the administrative exhaustion requirement imposed by FIRREA to be a jurisdictional bar in light of the broad language -- "no court shall have jurisdiction" -- contained in 12 U.S.C. § 1821(d)(12)(D)).

Other courts have concluded that § 1997e does not deprive federal courts of jurisdiction. *See Write v. Morris*, 111 F.3d 414, 421 (6th Cir. 1997)("Section 1997e(a), in contrast, contains neither the sweeping and direct language of [42 U.S.C.] § 405(b) nor that statute's explicit bar to district court jurisdiction."), *cert. denied*, 118 S. Ct. 263 (1997); *see also Lacey v. C.S.P. Solano Medical Staff*, ___ F.Supp.___, 1997 WL 819927 (E.D.Cal. Dec. 22, 1997). This conclusion is further supported by 42 U.S.C. § 1997e(c)(1)&(2). Under these provisions, a district court must screen prisoner complaints and dismiss those that are frivolous or malicious and those that fail to state a claim or seek monetary relief from a defendant who is immune from such relief. *See* § 1997e(c)(1). The statute provides that the court may dismiss such claims without requiring the exhaustion of administrative remedies. *See* § 1997e(c)(2). The court would not be empowered to do so if the exhaustion provision deprived the court of jurisdiction over the action. *See Lacey*, 1997 WL 819927, at *9 n.4.

We therefore conclude that § 1997e does not impose exhaustion of administrative remedies as a prerequisite to jurisdiction. Accordingly, the district court had subject matter jurisdiction over Underwood's claim.

## 2. Defining "available" and exhaustion

We now turn to the task of statutory construction and begin by examining the language of the statute itself. *See United States v. Alvarez-Sanchez*, 511 U.S. 350, 356 (1994). In the absence of definition within the statute, statutory terms are to be construed in accordance with their ordinary meaning. *See Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 187 (1995).

Nowhere in the PLRA did Congress provide a definition of "such administrative remedies as are available." *See* § 1997e(a).

Webster's New International Dictionary defines "available" as "capable of availing; having sufficient power or force to achieve an end," "such as may be availed of: capable of use for the accomplishment of a purpose: immediately utilizable," and "that is accessible or may be obtained: personally obtainable." Webster's New Int'l Dictionary, 150 (3rd ed. 1981). "Exhaust" is defined as "to take complete advantage of (legal remedies)." *Id.* at 796.

During the time period relevant to this case, TDCJ had a three step grievance process. There is no dispute that Underwood timely filed his grievances and appeals at each step of the TDCJ process. Underwood alleged that, under the TDCJ Grievance Procedures, the

8

Deputy Director of TDCJ "is to render a final decision on a step three grievance within twenty-six days of receipt by the Unit Grievance Coordinator from the inmate." Underwood alleged in pleadings before the district court that his step-three grievance was filed on March 3, 1997 and he had not received a response as of April 8, 1997, more that twenty-six days later. The district court, adopting the recommendation of the magistrate judge, held that plaintiff had not exhausted his administrative remedies. The court rejected Underwood's position that the administrative remedies were exhausted at the end of the twenty-sixth day after the filing of a step-three grievance. There is nothing in the record of this court that indicates that there is any TDCJ grievance procedure available to Underwood after the time set for a step-three grievance response. The court "noted" that it "receives hundreds of cases each year where inmates have exhausted their administrative remedies. The prison system processes each and every grievance filed properly, albeit somewhat slowly at times." It appears that the district court held that either the prison has unlimited time to respond to grievances or that the district court has discretion to extend the prison's self-imposed time limits. Because Congress clearly intended to limit district court's discretion when it amended § 1997e, *see supra*, we hold that available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance

Procedures have expired.  *See Rourke v. Thompson*, 11 F.3d 47, 51 n.10 (5th Cir. 1993) (noting the "substantial effort exception" to the exhaustion requirement); *Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990) (commenting that prisoner may be excused from exhausting administrative remedy where "irregularities in the administrative process itself" prohibited him from so doing); *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982) (commenting that administrative remedy is inadequate where prison officials ignore or interfere with prisoner's pursuit of relief).  Therefore, on April 8, 1997 Underwood had exhausted TDCJ's available administrative remedies.

The magistrate judge's finding that "[t]he plaintiff has not shown proof that he has exhausted his administrative remedies" is inapposite.  Dismissal under § 1997e is made on pleadings without proof.  As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.

Next, because we may affirm the dismissal on valid alternative grounds, we must determine whether the fact that Underwood's administrative remedies were exhausted after he filed his § 1983 suit, rather than before, justifies the dismissal. Because § 1997e requires exhaustion of administrative remedies before an action is brought in federal court, a strict reading of the statute would dictate dismissal of Underwood's claims.  However, a non-

10

jurisdictional exhaustion requirement may, in certain rare instances, be excused, particularly where dismissal would be inefficient and would not further the interests of justice or the Congressional purposes behind the PLRA. *See McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992). According to Senate sponsor Orrin Hatch, the PLRA "will help bring relief to a civil justice system overburdened by frivolous prisoner lawsuits. . . . Our legislation will also help restore balance to prison conditions litigation and will ensure that Federal Court Orders are limited to remedying actual violations of prisoners' rights." 141 Cong.Rec. S14, 408 (daily ed. Sept. 27, 1995)(statement of Sen Hatch). Because Underwood has now complied with the requirement to exhaust administrative remedies, dismissing the suit and requiring him to refile is inefficient. However, dismissal may serve as a deterrent to premature filing by Underwood and other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation. Therefore, we cannot say that in the circumstances of this case, the district court erred in refusing to suspend § 1997e's pre-filing exhaustion requirement.

We therefore affirm the district court's dismissal of Underwood's § 1983 claim.

## 3. With or without prejudice

Underwood also argues that the district court erred in dismissing his complaint with prejudice instead of without

11

prejudice.

The district court dismissed Underwood's complaint with prejudice "for purposes of proceeding in an in forma pauperis proceeding pursuant to 28 U.S.C. § 1915(d)." We review that ruling for abuse of discretion. *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (en banc), *cert. denied,* 118 S. Ct. 716 (1998). "Dismissals under the [IFP] statute are in a class of their own, acting not as dismissals on the merits but, rather, as denials of [IFP] status. Typically, but not exclusively, such dismissals may serve as res judicata for subsequent in forma pauperis filings, but they effect no prejudice to the subsequent filing of a fee-paid complaint making the same allegations." *Id.* at 1505. In *Marts*, the court determined that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice. *Id.* at 1506. We must now determine whether the district court abused its discretion in dismissing Underwood's suit with prejudice to the refiling with IFP status based on his failure to exhaust administrative remedies.

By choosing to file and pursue his suit prior to exhausting administrative remedies as required, Underwood sought relief to which he was not entitled -- that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures. We

12

therefore affirm the district court's order dismissing Underwood's action with prejudice for purposes of proceeding IFP.

CONCLUSION

For the foregoing reasons, the district court's order is affirmed.

AFFIRMED.