Kristja J. FALVO, et al., Plaintiffs,

v.

OWASSO INDEPENDENT SCHOOL
DISTRICT NO. I–011, et al.,
Defendants.

No. 98–C–765–K.

United States District Court,
N.D. Oklahoma.

April 26, 1999.

**1138**

Wilfred K. Wright, Jr., Drummond Law Firm, Tulsa, OK, for plaintiffs.

Karen Lea Long, Jerry Alan Richardson, Rosentein, Fist & Ringold, Tulsa, OK, for defendants.

## ORDER

KERN, Chief Judge.

Before the Court are the cross-motions of the parties for summary judgment. Plaintiffs have brought this action seeking damages and a declaratory judgment that the defendants have violated their rights under both the Fourteenth Amendment and the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. The Court has previously denied plaintiffs' motion for temporary restraining order. The Court hereby incorporates by reference the findings of fact made in the Court's order of October 16, 1998.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) F.R.Cv.P. When applying this standard, the Court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998).

Plaintiffs (Kristja J. Falvo and her minor children, Elizabeth Pletan, Philip Pletan and Erica Pletan), contend that the grading practice utilized by some teachers at the Owasso School District, by which students exchange papers and grade each others' work as the teacher goes over the answers, is improper under the law. Plaintiffs also object to the practice of some teachers of permitting students to announce their grades aloud after their papers have been graded and returned.

FERPA provides in pertinent part that an educational agency or institution "which has a policy or practice of permitting the release of educational records ... of students without the written consent of their parents" is in violation of FERPA. 20 U.S.C. § 1232g(b)(1). This provision contains certain qualifications and exceptions which are not applicable here. FERPA defines "education records" as "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institu-

tion." 20 U.S.C. § 1232g(a)(4)(A). *See also* 34 C.F.R. § 99.3.

■ Defendants place principal reliance upon a declaration under penalty of perjury executed by LeRoy S. Rooker. Mr. Rooker is the Director of the Family Policy Compliance Office ("FPCO") within the United States Department of Education. In the declaration, Mr. Rooker states that the current position of the FPCO on the issue of students grading other students' papers is accurately reflected in a letter date-stamped July 15, 1993, from Mr. Rooker to Mr. Wallace N. Raupp, II. This letter was introduced into evidence before this Court during the hearing on motion for temporary restraining order. In the letter, Mr. Rooker opines that FERPA does not prohibit teachers from allowing one student to grade the paper of another student, or from calling out the grade in class.

■ The Secretary of Education has been delegated by Congress with the task of enforcing FERPA. 20 U.S.C. § 1232g(f). "An agency's construction of a statute it is charged with enforcing is entitled to deference if it is reasonable and not in conflict with the expressed intent of Congress." *United States v. Riverside Bayview Homes, Inc.,* 474 U.S. 121, 131, 106 S.Ct. 455, 88 L.Ed.2d 419 (1985).

The rationale of the Rooker letter is that grades on interim tests and homework assignments are not "maintained" by an educational agency or institution at the point of grading. Plaintiffs object that such an interpretation is contrary to congressional intent, because Congress has defined the word "maintain" in another statute as including any collection or use of the materi-

al. 5 U.S.C. § 552a(a)(3). Plaintiffs describe this separate statutory scheme, the Privacy Act, as "FERPA's sister statute", and apparently seek to incorporate that Act's definition into FERPA.

■ In the absence of definition within the statute, statutory terms are to be construed in accordance with their ordinary meaning. *Underwood v. Wilson,* 151 F.3d 292, 295 (5th Cir.1998). The term "maintain" is not defined in FERPA; therefore, the ordinary meaning of "preserve" or "retain" is appropriate. If Congress wished to incorporate into FERPA the special definition given "maintain" in the Privacy Act, Congress knew how to do so. There is no authority holding that the Privacy Act and FERPA are to be construed in pari materia, and the Court declines to do so. In sum, the Court finds deference is due the Department of Education's interpretation of FERPA because it is reasonable and does not conflict with the expressed intent of Congress[1]. Plaintiffs' claim under FERPA fails.

■ Plaintiffs also bring a separate claim grounded in the Constitution itself. It is established that there is a constitutional right to privacy in preventing disclosure by the government of personal matters. *F.E.R. v. Valdez,* 58 F.3d 1530, 1535 (10th Cir.1995) In resolving such a claim, the Tenth Circuit has established a three-part balancing test. The Court must consider (1) if the party asserting the right has a legitimate expectation of privacy, (2) if disclosure serves a compelling state interest, and (3) if disclosure can be made in the least intrusive manner. *Flanagan v. Munger,* 890 F.2d 1557, 1570 (10th Cir. 1989).

---

1. The plaintiff has submitted three affidavits by experts, which argue for a contrary interpretation of FERPA. The Court finds that these largely take the form of expressing opinions as to what the law *should* be, and do not raise a genuine issue of material fact in this case. Further, as defendants note, one of the experts, Professor Friedman, has written an article in which he concedes that FERPA as written "probably" does not prohibit the public announcement of grades in the classroom. (Defendants' Exhibit B).

The *Flanagan* court affirmed a district court's grant of summary judgment against a plaintiff on the first prong of the test. The court stated that there is no absolute right to privacy in the content of personnel files, but only "highly personal information" is protected. *Id.* The court found the items under review were not "highly personal" because they dealt only with the plaintiffs' work as police officers. Similarly, the interim tests and homework assignments deal with a student's performance *qua* student. In this Court's view, they are not "highly personal" matters worthy of constitutional protection.

In any event, students are given the option of having their grade related in confidence. Moreover, as this Court has previously found, students do not grade 9-week exams given at the Owasso Public Schools. No revelation is made of a letter grade on a report card or from a student's permanent transcript. Having found that the plaintiffs do not have a legitimate expectation of privacy in the items in question, the Court need not address the remaining two prongs of the balancing test. However, the Court wishes to state that it would be hard-pressed to find that this grading practice at the Owasso School District is supported by a compelling state interest. The record reflects that many teachers, even in this immediate geographical area, do not employ the student grading method. Therefore, a showing stronger than merely pronouncing "education" as a compelling state interest would have to be made before it could be demonstrated to this Court's satisfaction that the grading method under review could not undergo modification while still properly educating students. The issue before the Court is whether a constitutional violation has occurred *under these facts*, and the Court finds it has not.

In the alternative, defendants have argued that they are entitled to summary judgment based upon qualified immunity. The Court disagrees. Because the rights of privacy under FERPA and the Fourteenth Amendment were clearly established at the time of the alleged violations, the defendants are not entitled to qualified immunity. *See Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir.1996). This is a distinct issue from whether a violation in fact took place, which the Court has already discussed.

Plaintiffs also have pending a motion for class certification. The Court elected to address the merits initially. Because the Court has found that the named plaintiffs have failed to present a claim which survives summary judgment, no ruling on class certification is necessary.

It is the Order of the Court that the motion of the plaintiffs for partial summary judgment (# 16) is hereby DENIED. The cross-motion of the defendants for summary judgment (# 20) is hereby GRANTED. The motion of the plaintiffs for class certification (# 12) is hereby DENIED as moot.