# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-60620
Summary Calendar

PATRICK J. HIGGINS, SR.,

Plaintiff-Appellant,

versus

GEORGE CHANDLER, Individually and in his Official
Capacity as Assistant Director of the Jackson County
Restitution Center; BECKY FULTON, Individually and
in her Official Capacity as Director of the Jackson
County Restitution Center; CHARLES FAULK, Individually
and in his Official Capacity as a Mississippi Department
of Corrections Correctional Officer,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-577-RR)

July 6, 1999

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Patrick J. Higgins, a former Mississippi state prisoner, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust his prison administrative remedies. Higgins contends that, although he was incarcerated in a correctional facility at the time that he suffered the alleged constitutional violation, he was not a state prisoner because his conviction and sentence had been

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

stayed pending an appeal in the case.

Our review of the record and briefs of the parties persuades that we should affirm. Higgins' complaint reflects that he was detained in a correctional facility as a result of a criminal charge at the time that the alleged constitutional violation occurred. Therefore, Higgins was required to pursue and exhaust his prison administrative remedies prior to filing a judicial complaint seeking relief under section 1983.[1]

Higgins contends for the first time on appeal that he was illegally extradited from Illinois by Mississippi officials and was held illegally in custody between June 1994 and August 1998. This claim involves facts that were not alleged in pleadings before the district court and that have no bearing on Higgins' section 1983 complaint, and the claim does not rise to the level of plain error.[2]

The judgment appealed is AFFIRMED.

---

[1] 28 U.S.C. § 1997e(a); 28 U.S.C. § 1915(h); **Underwood v. Wilson**, 151 F.3d 292 (5th Cir. 1998).

[2] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc); **Robertson v. Plano City of Texas**, 70 F.3d 21 (5th Cir. 1995).