**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-30447
Summary Calendar
_____

GUADALUPE REYES, JR.,

Plaintiff-Appellant,

versus

CARLA L. GERAMI; DONALD J. BREAUX; LARRY
RICHARD; DIANNE LOTT; MATT HOLDEN,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1593

January 4, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Guadalupe Reyes, Jr. ("Reyes") appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights claims. Reyes argues that the district court erred in dismissing two of his claims for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We affirm.

Reyes contends that while he was in protective custody at the Lafayette Parish Correctional Facility, the defendants[1] discriminated against him on the basis of national origin (Reyes is of Mexican descent) by (1) denying him access to the law library, (2) denying him access to the court system by forbidding him from using the law library, (3) denying him entry to prison academic programs, and (4) denying him adequate medical treatment for hepatitis. Reyes further contends that the defendants

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The defendants here are Warden Carla L. Gerami, Sheriff Donald J. Breaux, Lieutenants Larry Richard and Diane Lott, and prison physician Dr. Matt Holden.

censored his incoming mail and conspired to violate his constitutional rights.

The district court dismissed Reyes' claims of mail censorship and denial of access to the law library on the basis of national origin without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a).  Because Reyes filed his complaint after the effective date of the Prison Litigation Reform Act ("PLRA"), his case is governed by the provisions therein.  *See Underwood v. Wilson*, 151 F.3d 292, 293 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1809 (1999). PLRA § 1997e requires  that "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 § 1997e(a).  Here, the record clearly demonstrates, and Reyes admits, that he did not exhaust the administrative remedies available to him before filing suit in the district court.  In fact, onl y after the district court requested proof of exhaustion did Reyes even attempt to utilize the available administrative remedy procedure.   Reyes fails to present any argument that the exhaustion requirement should be excused.  *See Underwood*, 151 F.3d at 296.  Accordingly, the district court's dismissal for failure to exhaust administrative

remedies is AFFIRMED.

On appeal, Reyes has not identified any error in the district court's dismissal of his remaining claims as frivolous and for failure to state a claim upon which relief could be granted. This court will not raise and discuss legal issues that the appellant has failed to assert.   *See Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, Reyes has abandoned his appeal of these rulings. *See id.* (finding that issues not asserted on appeal are deemed abandoned).

For the above reasons, the judgment of the district court is AFFIRMED.