UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60441
Summary Calendar

_____

TRAVIS SNIDER,

Plaintiff-Appellant,

versus

DON GRANT, Individually and in official capacity as Warden; J.A.
BANKS, Individually and in official capacity as Assistant Warden;
UNKNOWN BAREFOOT, Mrs., Individually and in official capacity as
Paralegal; GRIEVANCE OFFICER, Individually and in official capacity
as Grievance Officer; JAMES ANDERSON, Individually and in official
capacity as Commissioner of Mississippi Department of Corrections;
KIRK FORDICE, Individually and in official capacity as Governor of
State of Mississippi; JOHN DOE, Correction Officer No. 1,
Individually and in official capacity as Correction Officer; JOHN
DOE, Correction Officer No. 2, Individually and in official
capacity as Correction Officer; JOHN DOE, Correction Officer No. 3,
Individually and in official capacity as Correction Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
Civil Docket #4:99-CV-81-B-D

_____

February 4, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Travis Snider, Mississippi prisoner #78406, appeals the

district court's denial of *in forma pauperis* (IFP) status and the

closure of his 42 U.S.C. § 1983 action for failure to exhaust

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

administrative remedies pursuant to 42 U.S.C. § 1997e. We vacate and remand for further proceedings.

Snider contends that the district court should not have dismissed his case for failure to exhaust administrative remedies. We agree. Snider alleged that he attempted to exhaust his administrative remedies but that prison authorities did not respond to his complaints. He further alleged that prison authorities were in possession of all his documents concerning these complaints. These statements were made on the form that is routinely sent to prisoners in the Northern District of Mississippi, and they answered the questions posed by the form. Unfortunately, because the form did not request Snider to identify more specifically the dates and results of his grievance procedures, and procedural details such as the time allowed under the prison's grievance procedures were not elicited, Snider's pleadings alone do not sufficiently establish exhaustion.

This court has recognized that, following the enactment of the Prison Litigation Reform Act,

> Dismissal under [42 U.S.C.] § 1997e is made on pleadings without proof. As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), cert. denied, 119 S.Ct. 1809 (1999). *Underwood* also holds that failure to fulfill the exhaustion requirement poses no jurisdictional bar to the district court in handling the case.

Following *Underwood* it would appear that district courts should scrutinize the sufficiency of allegations of exhaustion on

the prisoner's pleadings initially, without a requirement of proof. To the extent that the amount of detail in the pleadings is shaped by the forms the prisoners are required to fill out, the forms should perhaps be modified. In this case, Snider pled exhaustion definitely but conclusionally, raising the possibility that he did in fact exhaust prison administrative remedies. *Underwood* counsels that Snider's case should proceed further to determine exhaustion. Rather than denying leave to proceed IFP and "closing" the case, the court should have provided Snider with an opportunity to specify, in detail sufficient to permit independent verification, the exhaustion of of his prison administrative remedies. We re-emphasize that clarifying the prisoner complaint form should facilitate this process.

Accordingly, the district court's order denying IFP and ordering closure of the instant case must be vacated and the case remanded.

**VACATED** and **REMANDED**.