No. 99-60902
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60902
Summary Calendar

_____

LARRY ROCHELL SMITH,

                                        Plaintiff-Appellant,

versus

DON GRANT, Warden of Delta Correctional Facility; OHAMZAH BRIMAH,
DR, Doctor and Psychiatrist at Delta Correctional Facility,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-272-D-D
--------------------
May 4, 2000

Before KING, Chief Judge, and POLITZ and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Larry Rochell Smith, Mississippi prisoner # 89754, appeals

the district court's denial of IFP and closure of his case for

failure to provide evidence of exhaustion of administrative

remedies.  Smith's motion to supplement and annex a page in his

brief is GRANTED.

     Smith alleged in his complaint that he is a diagnosed

schizophrenic; that Delta Correctional Facility (DCF) is not a

medically adequate or proper facility in which to incarcerate

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

him; and that his complaints that the living conditions at DCF and his work requirements are aggravating his mental condition and causing him pain and suffering are being ignored. Smith alleged that he had complied, or had made a good faith effort to comply, with the grievance procedures in place at DCF and that he had been frustrated in his attempts. He attached copies of his grievances and the responses thereto, including a response which stated that the Administrative Remedy Procedure at DCF only applied to complaints concerning "Time and Classification." The district court entered an order denying Smith IFP status. The district court stated that "until evidence of exhaustion of the Administrative Remedy Program is provided plaintiff may not proceed with this case," and ordered the case closed.

Smith argues on appeal that the district court erred in dismissing his case for failure to exhaust. He asserts that he has provided evidence of exhaustion in the form of copies of his grievances. He seeks to have his complaint reinstated and his case remanded to the district court for further proceedings.

Section 1997e(a), as amended in 1996, provides:

> No action shall be brought with respect to
> prison conditions under section 1983 of this
> title, or any other Federal law, by a
> prisoner confined in any jail, prison, or
> other correctional facility until such
> administrative remedies as are available are
> exhausted.

"Dismissal under § 1997(e) is made on pleadings without proof. As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not

form the basis of dismissal." <u>Underwood v. Wilson</u>, 151 F.3d 292, 296 (5th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 1809 (1999).

Smith alleged that he had exhausted his administrative remedies. Further, he provided copies of grievances and responses, including a response which indicates that administrative remedies are not "available" for the claims which he seeks to assert in this complaint because they do not concern Time or Classification.

The district court erred in denying IFP and closing this case for failure to exhaust. <u>Underwood</u>, 151 F.3d at 296. The district court's order is VACATED and this case is REMANDED for further proceedings.

VACATED AND REMANDED.