IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20035
Conference Calendar
_____

JOHNNY RAY SEATON,

                                        Plaintiff-Appellant,

versus

ALLEN SYLVESTOR,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-462
--------------------
June 15, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Johnny Ray Seaton, Texas prisoner # 253239, who is proceeding pro se and in forma pauperis (IFP), appeals the district court's dismissal of his civil rights complaint with prejudice for failure to exhaust administrative remedies and denial of his motion for rehearing. Seaton alleged that Allen Sylvestor, head of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), Inmate Trust Fund (ITF), violated his right to access to the courts by failing to forward an initial partial filing fee to the district court, which

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Seaton's 1997 civil rights suit, <u>Seaton v. Rodriquez</u>, U.S.D.C. No. A-97-CV-467 (W.D. Tex. July 31, 1997), for failure to prosecute by failing to pay that fee.  The district court dismissed the instant suit with prejudice for failure to exhaust available administrative remedies, pursuant to 42 U.S.C. § 1997e(a), and denied Seaton's motion for rehearing in which he noted that the initial partial filing fee had been paid in <u>Seaton v. Rodriquez</u>.  The district court denied the motion for rehearing, informing Seaton that the appropriate remedy was to seek reinstatement in the appropriate court of his case against Rodriguez.

Seaton does not challenge the district court's finding that he failed to exhaust his administrative remedies.  He asserts that the district court should have stayed the case to allow him to exhaust those remedies.  This argument is based on the former, no longer effective version of § 1997e and is legally frivolous. <u>See</u> <u>Underwood v. Wilson</u>, 151 F.3d 292, 293 (5th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 1809 (1999).

Seaton's appeal is frivolous, and it is DISMISSED.  5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g).  We caution Seaton that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.