IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41147
Conference Calendar

_____

GEORGE RAY LATSON,

                                        Plaintiff-Appellant,

versus

UNIDENTIFIED FLASOWSKI, Lieutenant;
B. SCEARCE, Correctional Officer III,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-114
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

     George Ray Latson, Texas prisoner # 541078, appeals the
district court's dismissal of his 42 U.S.C. § 1983 lawsuit for
failure to exhaust administrative remedies, pursuant to 42 U.S.C.
§ 1997e(a).  He urges that dismissal was error, that he should
not have been required to exhaust his administrative remedies
because the officer handling his Step One grievance was biased
against him, and that, rather than dismiss his case, the district
court should have granted a continuance to enable him to exhaust.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Latson's conclusional allegations that the officer handling his Step One grievance was biased is no defense for failing to exhaust his administrative remedies.  See Wendell v. Asher, 162 F.3d at 887, 890-91 (5th Cir. 1998).  His argument that the district court should have granted a continuance is based on the former, no longer effective version of § 1997e and is thus without merit.  See Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999).  Because Latson had not exhausted his administrative remedies at the time he filed the instant § 1983 lawsuit, the district court was required to dismiss the case, pursuant to § 1997e(a).  See Wendell, 162 F.3d at 890-92; Underwood, 151 F.3d at 293, 296.  Accordingly, its judgment is AFFIRMED.  Latson's motion for the production of documents is DENIED.

AFFIRMED; MOTION DENIED.