IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40344
Summary Calendar
_____

DAVID GENE MORRIS,

Plaintiff-Appellant,

versus

CHRISTY POWELL, Telford Unit Employee; CHARLES POWELL, Major at
Telford Unit; A. MASSINGILL, Assistant Warden at Telford Unit;
WAYNE SCOTT, Director, Texas Department of Criminal Justice,
Institutional Division,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:99-CV-16
--------------------
December 5, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

David Gene Morris, TDCJ #285845, has filed a motion to
proceed IFP on appeal, a pleading which this court construes as a
motion challenging the district court's certification under 28
U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) that his appeal is
not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202
(5th Cir. 1997)(addressing the effect of a district court's order

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

stating that an appeal by a prisoner was not taken in good faith).  Morris argues that the district court erred in dismissing his 42 U.S.C. § 1983 complaint with prejudice for failure to exhaust because his complaint should have been dismissed without prejudice.  Morris does not challenge the district court's finding that he failed to comply with 42 U.S.C. § 1997e's exhaustion requirement.

In recommending dismissal, the magistrate judge found that a dismissal with prejudice to proceeding IFP under Underwood v. Wilson, 151 F.3d 292, 293-94 (5th Cir. 1998), was not applicable because Morris was not proceeding IFP, but, nevertheless, she recommended dismissal with prejudice under Underwood.  However, Underwood should not apply to the instant matter because Morris pre-paid to file his complaint and Underwood was IFP.  See Underwood, 151 F.3d at 296.  Morris argued such in his objections, and he contended that his dismissal should be without prejudice.  However, the district court construed Morris' objection as arguing that dismissal should be with prejudice for purposes of proceeding IFP.  The district court then adopted the findings of the magistrate judge and dismissed Morris' complaint with prejudice.  On remand to provide reasons for certifying that Morris' appeal was not taken in good faith, the district court found that Morris' appeal was not taken in good faith based upon Morris' failure to contest his dismissal for failure to exhaust, citing Underwood.

In considering the amended § 1997e, <u>Underwood</u> suggests that, at a minimum, a prisoner who has had his claim dismissed for failure to exhaust should be able to pay in advance to refile his claim after exhaustion. <u>Underwood</u>, 151 F.3d at 296. The district court, therefore, erred in dismissing Morris' § 1983 claim with prejudice based upon <u>Underwood</u>. Morris has demonstrated that his appeal is taken in good faith. Accordingly, Morris' motion for IFP is GRANTED. <u>See</u> <u>Baugh</u>, 117 F.3d at 202. The district court's dismissal of Morris' § 1983 suit is MODIFIED from "with prejudice" to "without prejudice," and the district court's judgment is AFFIRMED AS MODIFIED.

IFP GRANTED; DISMISSAL MODIFIED FROM WITH PREJUDICE TO WITHOUT PREJUDICE; AFFIRMED AS MODIFIED.