IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-60536
_____

JOHN DEDEAUX,

Plaintiff-Appellant,

versus

STATE OF MISSISSIPPI DEPARTMENT OF CORRECTIONS; JOHN BEARRY, Mississippi Department of Corrections Medical Director at Parchman; JOHN DIAL, Doctor, Unit 42, Parchman; JONATHON CAMPBELL, Doctor, Unit 42, Parchman, JAMES V. ANDERSON, Commissioner, Mississippi Department of Corrections; WALTER BOOKER, Superintendent, Mississippi Department of Corrections; JANICE PIERCE, RONNIE FLEMMINGS, SERGEANT MOORE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(4:00-CV-19-B-D)
_____
April 25, 2001

Before WIENER and STEWART, Circuit Judges, and SMITH,[*] District Judge.

PER CURIAM[**]:

_____

[*]Walter S. Smith, Jr., District Judge for the Western District of Texas sitting by designation.

[**]Pursuant to 5TH Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH Cir. R. 47.5.4.

Plaintiff-Appellant John Dedeaux appeals the district court's denial of a Rule 60(b) motion. Dedeaux's 42 U.S.C. § 1983 complaint was ordered closed by the district court because Dedeaux had not exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). Dedeaux argues that he made a good faith effort to exhaust his administrative remedies after his section 1983 case had been closed by the district court for failure to exhaust.

We review the denial of a motion for relief from judgment under Rule 60(b) for an abuse of discretion. *See Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994). Dedeaux's motion reflected that two "Administrative Review Program" (ARP) grievances had been "withdrawn/step one," one ARP had proceeded only to step one, and three ARPs had proceeded to step three. Dedeaux's motion does not describe the subject matter of each of these ARPs, and thus, Dedeaux's motion fails to establish that he had exhausted his administrative remedies as to the issues presented in his section 1983 complaint. Therefore, the district court did not abuse its discretion when it denied Dedeaux's motion for relief from judgment. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (holding that section 1997(e) requires exhaustion of administrative remedies before an action can be brought in federal court). Accordingly, the district court's denial of Dedeaux's motion for relief from judgment is, in all respects,

2

AFFIRMED.