IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20064
Summary Calendar
_____


C. ELIJAH HAKEEM MUHAMMAD,
also known as Christopher Hijrah Mitchell,

                                        Plaintiff-Appellant,

versus

BUREAU OF PRISONS; ET AL.,

                                        Defendants,

BUREAU OF PRISONS; R. THOMPSON,
SCRO Regional Director; N. H. ADLER,
Warden; A.W. OUTLAW; MR. SMITH; K. SANDERS;
E. BENGSTON, Lieutenant; K. JOHNSON;
H. L. FRANKLIN, sued in their individual
and official capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-2310
--------------------
October 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    C. Elijah Hakeem Muhammad, also known as Christopher Hijrah

Mitchell ("Muhammad"), federal prisoner #02791-088, appeals the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

summary-judgment dismissal of his <u>Bivens</u>** action against the United States Bureau of Prisons and several of its employees. A grant of summary judgment is reviewed <u>de</u> <u>novo</u> and will be upheld if the pleadings and the evidence show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c) and (e); <u>Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.</u>, 992 F.2d 1398, 1401 (5th Cir. 1993).

The district court's judgment gave several alternative grounds for dismissal, including that Muhammad had not exhausted his administrative remedies, as is required by 42 U.S.C. § 1977e(a). Regarding exhaustion, Muhammad contends that he was deliberately denied the ability to exhaust his administrative remedies, that there were no adequate administrative remedies immediately available to him, and that he should not be required to exhaust because exhaustion discourages litigants with legitimate claims.

The record on appeal, including the postjudgment pleadings submitted by Muhammad, establishes that he did not exhaust his administrative remedies prior to filing suit, as is required by 42 U.S.C. § 1997e(a); <u>see</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739-41 & n.6 (2001). Muhammad has not shown that he qualifies for any of the narrow exceptions to the exhaustion requirement. <u>See</u>

---

** <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).  Given the lack of exhaustion, review of the other grounds given for the district court's dismissal is unnecessary.  The district court's judgment is AFFIRMED.