IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10541
Conference Calendar

_____


WARREN G. RAUCH,

                                        Plaintiff-Appellant,

versus

RAYNALDO CASTRO; MARYANN MUNSELL; HUGH BRYAN;
TOMMY E. PARKS; VICTOR BROOKS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:02-CV-84
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Warren G. Rauch, Texas prisoner # 736714 ("Rauch"), appeals the dismissal of his pro se and in forma pauperis ("IFP") lawsuit filed pursuant to 42 U.S.C. § 1983. The district court dismissed the suit as frivolous because Rauch, by his own admission, had failed to exhaust the prison grievance process prior to filing suit, as required by 42 U.S.C. § 1997e, and therefore the suit sought relief to which Rauch was not entitled.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in dismissing the complaint as frivolous for failure to exhaust administrative remedies. See Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1997). The district court correctly ordered that dismissal was with prejudice to refiling with IFP status. See Underwood, 151 F.3d at 296.

This appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

The district court's dismissal as frivolous and this court's dismissal as frivolous count as two strikes for purposes of the three-strikes provision. See 28 U.S.C. § 1915(g); see Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Rauch is WARNED that should he accumulate three strikes he will be unable to proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.