IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40449
Summary Calendar
_____

BENNIE BOONE,

Plaintiff-Appellant-Cross-Appellee,

versus

DEWAYNE CANNON; SHERDONA WALKER; ERIC NELSON;
JOHN CLOYE JOHNSON; WAYNE TEMPELTON,

Defendants-Appellees-Cross-Appellants.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-111
--------------------
December 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Bennie Boone (prisoner # 87102) appeals the district court's dismissal of his civil rights complaint without prejudice for failure to exhaust administrative remedies. 42 U.S.C. § 1997e(a). A prisoner is required to exhaust administrative remedies before filing a 42 U.S.C. § 1983 suit. 42 U.S.C. § 1997e(a); Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). "Dismissal under [42 U.S.C.] § 1997e is made on pleadings without

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proof.  As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal."  Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

Boone did not allege with sufficient specificity in his district court pleadings that he exhausted his administrative remedies through Step 2 of the Texas inmate grievance procedure.  See Wendell, 162 F.3d at 890; Underwood, 151 F.3d at 296.  This case does not present a rare instance warranting an exception to the exhaustion requirement.  Underwood, 151 F.3d at 296.  The district court thus did not err in dismissing Boone's 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. The district court's judgment is AFFIRMED.

Boone's motion for the appointment of counsel is DENIED.

AFFIRMED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED.