IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30625
Conference Calendar
_____

HAROLD JOE BLACK,

Plaintiff-Appellant,

versus

WADE CORRECTIONAL CENTER; KELLY WARD; LOUISIANA
DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-2189
--------------------
February 19, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Harold Joe Black, Louisiana prisoner # 111111 ("Black"),
appeals the district court's dismissal of his pro se, in forma
pauperis ("IFP") complaint which Black filed pursuant to 42
U.S.C. § 1983. Black's complaint alleged violations of his civil
rights stemming from several incidents and injuries, including an
alleged confiscation of legal papers in June 2001. The district
court dismissed the complaint without prejudice for failure to
exhaust administrative remedies pursuant to 42 U.S.C. § 1997e.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Black does not argue that the district court erred in determining that his claims were unexhausted; accordingly, that argument is waived.  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  There is no merit to Black's assertion that he is not required to exhaust his confiscation claim, nor was it error to dismiss the claim even though Black pursued administrative remedies after the complaint was filed.  See Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1997).

Black's appeal is without arguable merit and, thus, frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is DISMISSED.  5TH CIR. R. 42.2.  Black's motion to transfer his dismissed claims to a different district court is DENIED.

This court's dismissal counts as one strike for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  Black is cautioned that if he accumulates three strikes he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTIONS WARNING ISSUED.