United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 15, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20062
Summary Calendar

_____

DONALD C. JACKSON,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; GAIL JOHNSON,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-2592
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donald C. Jackson, Texas prisoner No. 220004, appeals the
dismissal of his in forma pauperis complaint raising denial-of-
access-to-the-courts claims against Texas Department of Criminal
Justice (TDCJ) Director Gary Johnson and against U.S. Supreme
Court Deputy Clerk Gail Johnson. Jackson argues that the
district court erred by dismissing with prejudice his claims

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

against TDCJ Director Johnson concerning allegedly inadequate prison library facilities for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e and that the district court further erred by dismissing his claim that Deputy Clerk Johnson wrongly refused to file an out-of-time corrected petition for a writ of certiorari to the Supreme Court in a lawsuit concerning the denial of unemployment benefits.

As Jackson does not allege that he exhausted his prison administrative remedies as required by § 1997(e), we find no error in the district court's dismissal of his claims against TDCJ Director Johnson. Days v. Johnson, ___ F.3d ___, 2003 WL 369677 at *2 (5th Cir. Feb. 21, 2003, No. 02-10064); see Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

Jackson's claim that Deputy Clerk Johnson denied him access to the courts fails because he cannot establish that he suffered an "actual injury" as the result of Deputy Clerk Johnson's actions. Lewis v. Casey, 518 U.S. 343, 353-56 (1996); Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999); see also See Brown v. Allen, 344 U.S. 443, 488-97 (1953) (Frankfurter, J., concurring).

AFFIRMED.