**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40276
Summary Calendar
_____

LUKE CLYDE TEIXEIRA, on behalf of
himself and others similarly situated,

                                        Plaintiff-Appellant,

versus

DIRECTOR TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION, In his official and
individual capacity; TELFORD UNIT WARDEN,
in his official and individual capacity; UGI,
TELFORD UNIT, In his official and individual
capacity; RAYBURN, Mail Personnel, In his individual
and official capacity; CURIE, Mail Personnel,
In his individual and official capacity;
RANGE, Lieutenant, In her individual and official
capacity; JOHN DOES, (A-C), In their individual
and official capacity,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:02-CV-176
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

    Luke Teixeira, Texas state prisoner 1067308, appeals the

district court's dismissal without prejudice of his 42 U.S.C.

-----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1983 complaint based on his failure to exhaust his prison administrative remedies.  Teixeira contends that he exhausted his administrative remedies and would have produced copies of his grievances if the district court had ordered prison officials to provide the documents.

Teixeira's pleadings reflect that he may have exhausted some but possibly not all of his claims through the administrative remedies process.  The district court did not address the issue whether Teixeira had actually exhausted his administrative remedies, but dismissed the complaint because Teixeira had not attached written proof of exhaustion.  The dismissal on that basis was erroneous because Teixeira was entitled to rely upon his pleadings in asserting exhaustion.  See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

The judgment of the district court dismissing the complaint for failure to exhaust administrative remedies is VACATED and the case is REMANDED to the district court for further consideration of the exhaustion issue.

VACATED AND REMANDED.