United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40586
Summary Calendar
_____

ALFREDO VASQUEZ,

      Plaintiff-Appellant,

                versus

RENE CASAREZ,

      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-565

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Alfredo Vasquez, Texas prisoner # 784866, filed a civil rights action under 42 U.S.C. § 1983 against Rene Casarez, a prison employee. Vasquez alleged that Casarez filed disciplinary charges against him in retaliation for a complaint Vasquez alleged against Casarez. The district court, adopting the recommendations of a magistrate judge, dismissed Vasquez's action on the grounds that he failed to properly exhaust administrative remedies before filing

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suit.[1]  Specifically, the district court concluded that, although Vasquez administratively raised due process arguments, he never presented his claim of retaliation to the prison grievance process.

Vasquez, however, alleged in his objections to the magistrate judge's recommendation that he specifically exhausted his retaliation claims by filing the requisite forms in accordance with the grievance procedures established by the Texas Department of Criminal Justice.  Although he did not provide the court with copies of the forms, he nonetheless alleged with "sufficient specificity" that he exhausted his claims.[2]  Because the defendant presented no evidence disputing the plaintiff's assertion, there does not appear to be a proper basis at this time for dismissal for failure to exhaust.  Accordingly, the judgment of the district court is VACATED, and Vasquez's claims are REMANDED to the district court for further consideration.

---

[1]42 U.S.C. § 1997e(a) (2003) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

[2]*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) ("Dismissal under § 1997e is made on pleadings without proof.  As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal.").