United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40954
Conference Calendar

_____

ROY STEVE DAVIS,

Plaintiff-Appellant,

versus

UP MILES, Individually & in his official capacity as Warden;
UP FAUVER, Individually & in his official capacity as Captain;
UP MACINTOSH, Individually & in his official capacity as Unit
Manager; R.L. SHEFFER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CV-148
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roy Steve Davis, federal prisoner number 16159-083, appeals
from the district court's dismissal of his action under Bivens v.
Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S.
388 (1971).  Davis primarily alleged that he was denied due
process in a disciplinary hearing wherein he was found guilty of
assault and that he was subjected to assaults by other inmates,
toxic gas, and overcrowding.  The district court dismissed the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

suit without prejudice because of Davis's failure to exhaust administrative remedies.

Davis argues that he did exhaust his administrative remedies with respect to the assault adjudication. The district court held, and the record shows, that Davis exhausted his administrative remedies after filing the instant law suit. We conclude that the district court did not err in dismissing this claim. See Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998); 42 U.S.C. § 1997e(a). Davis makes no argument that he exhausted his administrative remedies with respect to his claims concerning other assaults, toxic gas, and overcrowding. Those claims are deemed abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, the record does not show that Davis exhausted these claims through the Bureau of Prisons' administrative process. See 28 C.F.R. §§ 542.10, 542.14, 542.15.

AFFIRMED.