**Kevin JOHNSON, Plaintiff,**

v.

**Page TRUE, et al., Defendants.**

**No. CIV.A. 7:00–cv–00352.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Nov. 17, 2000.

Kevin Johnson, Big Stone Gap, VA, pro se.

Pamela Anne Sargent, Office of Attorney General, Richmond, VA, for Page True, Jerry Armentrout, Yvonne Elswick, Security Chief Yates, Richard Rowlette, Ronald Fowler, Lt. Harrison, Larry Alan Cox, R. Pientka, Sgt. Childress, T. McCoy, Kevin McCoy, Sgt. Turner, Danny Damron, S. Deel, Rasnick, L. O'Quinn, D. Lambert, Prison Guard White, Prison Guard Webb, Prison Guard Bowen, R. Cantrell, G.W. Mullins, L. Collins, Prison Guard Mullins, John Doe, T. Hayes.

Heather M. Kofron, Wright, Robinson, Osthimer & Tatum, Richmond, VA, David Ernest Boelzner, Wright, Robinson, McCammon, Osthimer & Tatum, Richmond, VA, for T. Hayes, RN Baker, L. Owens, U. Nwauche, Ron Angelone.

## MEMORANDUM OPINION

KISER, Senior District Judge.

Plaintiff Kevin Johnson, a Virginia inmate proceeding *pro se*, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that, while incarcerated at Red Onion State Prison (ROSP), his rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution as well as rights found in the constitutional and common laws of the Commonwealth of Virginia were violated, in that he was subjected to supervisory indifference, abuse of governmental authority, conspiratorial abuses, excessive uses of force, deliberate indifference to his serious medical needs, a failure of officials to protect him from known dangers, and unlawful retaliation. Plaintiff names various officials within the Virginia Department of Corrections (VDOC) and at ROSP as defendants. He seeks declaratory, injunctive, and monetary relief.

The defendants,[1] through counsel, have filed a motion to dismiss and a motion for protective order against discovery.[2] By order dated August 28, 2000 the court notified the plaintiff of the defendants motion to dismiss as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), and warned plaintiff that judgment might be granted for the defendants if plaintiff did not respond to the motion. Plaintiff has responded, making the matter ripe for the court's consideration. Upon review of the record, the court denies both motions by the defendants and grants plaintiff's October 19, 2000 motion for an extension of time to respond to the medical defendants subsequent motion for summary judgment.

■ Defendants have moved to dismiss Johnson's complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that this court lacks sub-

---

1. There are two different sets of defendants; the medical defendants (Nurse T. Hayes, Nurse Baker, L. Owens, and Dr. Nwauche), and the non-medical, institutional defendants (Page True, Jerry Armentrout, Yvonne Elswick, C. Yates, Richard Rowlette, Ronald Fowler, Lt. S. Harrison, Larry Alan Cox, R. Pientka, Sgt. G. Childress, T. McCoy, Kevin McCoy, Danny Damron, S. Deel, L. O'Quinn, S. White, J. Webb, R. Cantrell, L. Collins, and Ron Angelone). Both sets of defendants have filed a motion to dismiss and, unless otherwise stated, will be referred to collectively as "the defendants."

2. The original motion to dismiss was filed by the non-medical defendants on August 28, 2000. By motion filed October 2, 2000, the medical defendants incorporated the argument for dismissal by the non-medical defendants and requested a protective order from further discovery by the plaintiff pending resolution of the motion to dismiss. Thus, currently pending are the motions to dismiss based on the memorandum in support of by the non-medical defendants and the motion for a protective order by the medical defendants.

ject matter jurisdiction over his § 1983 claims because he has not exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) as to "each and every element of each and every claim." Section 1997e(a) of the Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). At the outset, it is noted that § 1997e(a) has not been found by the courts of this circuit to impose exhaustion of administrative remedies as a prerequisite to jurisdiction. Thus, the fact that there are claims within the complaint that may not have been exhausted does not deprive this court of subject matter jurisdiction to rule on such claims. *See, for example, Underwood v. Wilson,* 151 F.3d 292 (5th Cir.1998) (in contrast to statutes that require exhaustion of administrative remedies as a prerequisite to jurisdiction " § 1997e(a) contains no such sweeping and direct language barring federal question jurisdiction under 28 U.S.C. § 1331"). Moreover, the fact that this court routinely reviews cases falling within the ambit of the PLRA, prior to any determination by the court regarding a plaintiff's full exhaustion of a particular claim, should indicate to the defendants that the court does not believe § 1997e(a) acts as a prerequisite to its subject matter jurisdiction.[3] Accordingly, the motion to dismiss for lack of subject matter jurisdiction must be denied.

To the extent that the defendants are challenging the court's jurisdiction over this matter on the basis that the complaint contains both exhausted and unexhausted claims, the motion to dismiss must also be denied. The defendants admit that, as to certain of his claims, Johnson has fully exhausted all available administrative remedies. However, there are other claims within Johnson's complaint that have not been fully exhausted through the VDOC grievance procedure. The defendants contend that because Johnson's complaint contains both exhausted and unexhausted claims, the court has no jurisdiction over this action and, thus, it should be dismissed.

■ Defendants appear to have relied on *habeas corpus* jurisprudence for their proposition that claims containing both exhausted and unexhausted components must be dismissed in their entirety. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, there is "[n]othing in the language or legislative history of the PLRA's amendments to section 1997e(a) [that] supports a 'total' exhaustion requirement." *Cooper v. Garcia,* 55 F.Supp.2d 1090, 1094 (S.D.Ca.1999). Furthermore, I find that the defendants do not provide a viable reason why the *habeas* total exhaustion analysis of *Rose v. Lundy* should be applied to a § 1983 civil rights action. In fact, "imposing a total exhaustion requirement would appear to contradict Congress' intent in enacting the PLRA," which was to "discourage 'frivolous and abusive prison lawsuits' ... [A]s a purely practical matter, if the Court were to construe section 1997e(a) as imposing a total exhaustion requirement and dismiss [an] entire action, the prisoner would merely need to file a new suit alleging only his exhausted claims." *Id.* at 1094–95; *see also Jenkins v. Toombs,* 32 F.Supp.2d 955, 959 (W.D.Mich.1999) (distinguishing § 1983 cases from habeas cases and refusing to apply *Rose v. Lundy*'s "mixed" petition rules to § 1997e(a)). Because I have found that the court possesses proper jurisdiction over this matter and have concluded that jurisdiction is not defeated by the fact that certain of the plaintiff's claims

---

3. For example, this court frequently dismisses, *sua sponte,* complaints on the basis that they fail to state a claim upon which relief may be granted or that they are malicious or

frivolous, consistent with the PLRA, without first making an initial determination on jurisdiction based on exhaustion.

have not been fully exhausted, the motion to dismiss this action for lack of jurisdiction must be denied.

■ As to any of Johnson's claims which the defendants argue have not been fully exhausted within the meaning of § 1997e(a), Johnson represented to the court in a verified statement that he had in fact exhausted all "available" administrative remedies as to each claim. He alleges, both in his complaint and in his response to the motions to dismiss, that, to the extent some of his claims were not fully prosecuted through the various levels of the grievance procedure, his efforts to so exhaust his administrative remedies were frustrated by prison officials. The defendants assert simply that the Institutional Ombudsman at ROSP, P. Saul, is personally not aware that Johnson has been prevented from accessing the inmate grievance procedure. Section § 1997e(a) requires that "such administrative remedies as are available [must be] exhausted." The requirement of availability has been construed by the courts of this circuit to mean "accessible," "within one's reach," "at one's disposal." *See Langford v. Couch,* 50 F.Supp.2d 544, 547 (E.D.Va. 1999). Inasmuch as the allegations of the plaintiff and the defendants create a genuine issue of material fact as to whether Johnson exhausted his "available" remedies as to all of his claims, I must deny the motion to dismiss, even as to those aspects of the complaint which have not been fully exhausted within the VDOC grievance procedure.

■ Even if I were to find that the plaintiff had adequate access to the grievance procedure, as to those unexhausted claims which concern actions occurring more than thirty (30) days ago, dismissal would be inappropriate in that any attempt by Johnson to further exhaust such claims under the Adult Inmate Grievance Procedure would be futile. The defendants acknowledge as much by specifically directing the court's attention to Departmental Operating Procedure 866 (DOP 866). Defendants cite to DOP 866 for the proposition that "grievances are to be filed within thirty (30) calendar days from the date of [an] occurrence or incident." All of the events of which Johnson complains in claims (b), (d), (h), (i), (j), and (k) occurred more than thirty (30) days ago.[4] Defendants do not offer any evidence demonstrating that Johnson's claims fall under any exception to the thirty (30) day limit or that he otherwise has any administrative remedies available to him now regarding the events of which he complains in claims (b), (d), (h), (i), (j), and (k). In fact, the defendants plainly admit that the time limit in which Johnson had to file a regular grievance on these issues has expired. Accordingly, I find that the requirements under § 1997e(a) have been met as to claims (b), (d), (h), (i), (j), and (k), in that Johnson has no remaining available remedies to exhaust. Thus, the motion to dismiss as to those claims in particular is denied.

For the foregoing reasons, the defendants' motions to dismiss are denied. Pursuant to the Standing Order of Court entered May 3, 1996, and Rule 83(b) of the Federal Rules of Civil Procedure, the non-medical defendants are directed to file a motion for summary judgment with supporting affidavits. The defendants may again raise the issue of administrative exhaustion in their motion for summary judgment, if they believe that plaintiff's assertions are factually inaccurate.

---

4. These are the claims the defendants assert are unexhausted and that I find to have occurred more than thirty (30) days ago. The only claim that the defendants contend is unexhausted which may be properly construed as ongoing, such that an effort by Johnson to exhaust would not be futile as per DOP 866 is claim (a). However, as previously noted, that claim, as with all of the unexhausted claims, may go forward in light of Johnson's allegations that his efforts to pursue the grievance procedure were frustrated by prison officials.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendant(s).

### ORDER

In accordance with the accompanying memorandum opinion, it is hereby **ADJUDGED** and **ORDERED** as follows:

(1) Defendants' motions to dismiss shall be and hereby are **DENIED**;

(2) Defendants[1] motion for protective order shall be and hereby is **DENIED**;

(3) The non-medical defendants[2] are hereby **DIRECTED** to submit within thirty (30) days from the date of entry of this order an answer to plaintiff's claims and any motion for summary judgment, supported by affidavits. If the court receives no additional dispositive motions from the non-medical defendants within the time allotted, the court shall set the case for a jury trial as to such defendants;

(4) Plaintiff's motion for an extension of time within which to respond to the medical defendants motion for summary judgment is **GRANTED**. The plaintiff shall have a period of twenty (20) days from the date of this order to file his response.

The Clerk is directed to send certified copies of this order and the accompanying memorandum opinion to plaintiff and to counsel of record for the defendant(s).

---

1. Nurse T. Hayes, Nurse Baker, L. Owens and Dr. Nwauche.

2. Page True, Jerry Armentrout, Yvonne Elswick, C. Yates, Richard Rowlette, Ronald Fowler, Lt. S. Harrison, Larry Alan Cox, R.

Pientka, Sgt. G. Childress, T. McCoy, Kevin McCoy, Danny Damron, S. Deel, L. O'Quinn, S. White, J. Webb, R. Cantrell, L. Collins, and Ron Angelone.