IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40351
Summary Calendar

_____


ALEX GUERRA,

                    Plaintiff-Appellant,

versus

J. RENEAU; E.H. OTT; E. HOWELL; B. CHEATUM; UNIDENTIFIED
ZAMORA, Officer; UNIDENTIFIED KEETON, Officer; UNIDENTIFIED
MANGRUM, Officer; UNIDENTIFIED HILYAR, Officer; UNIDENTIFIED
WEAVER, Officer; UNIDENTIFIED HERNANDEZ, Officer; MAILROOM
SUPERVISOR; GARY JOHNSON, Director, Texas Department of
Criminal Justice, Institutional Division,

                    Defendants-Appellees.


--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-329
--------------------
July 25, 2002

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Alex Guerra, Texas prisoner #578328, appeals the district

court's dismissal without prejudice of his 42 U.S.C. § 1983 civil

rights complaint for failure to exhaust administrative remedies.

Guerra asserts that the district court erred in dismissing his

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claims without first affording him an evidentiary hearing pursuant to Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985), overruled on other grounds by Neitzke v. Williams, 490 U.S. 319, 324 (1989). Guerra argues that he provided a detailed account of his grievance history relating to the claims presented in his complaint.

Title 42 U.S.C. § 1997e(a) plainly requires that a prisoner exhaust his administrative remedies before filing a 42 U.S.C. § 1983 suit. Wendell v. Asher, 162 F.3d 887, 890 (5th Cir. 1998). "Dismissal under [42 U.S.C.] § 1997e is made on pleadings without proof. As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998).

"The Texas Department of Criminal Justice currently provides a two-step procedure for presenting administrative grievances." Wendell, 162 F.3d at 891. Guerra's original complaint did not allege that he exhausted his administrative remedies under the Texas inmate grievance procedure and in fact suggested that he failed to do so. The complaint and Guerra's more definite statement specifically identified at most two Step 1 grievances. Since neither of these pleadings asserted, even conclusionally, that Guerra exhausted his administrative remedies, Guerra was not entitled to a Spears hearing. See Spears, 766 F.2d at 180

(holding that a <u>Spears</u> hearing is intended to dig beneath a prisoner's conclusional allegations to clarify his claims).

In his objections to the magistrate judge's report and recommendation, Guerra asserted for the first time that he filed his institutional grievances as required by 42 U.S.C. § 1997e and that his more definite statement included statements regarding his various institutional grievances, including one of the previously mentioned Step 1 grievances. However, the remaining grievances mentioned in Guerra's objections were not in fact identified in his more definite statement. Moreover, Guerra's objections either did not identify those grievances with any specificity or identified them with dates showing that they were not resolved prior to the filing of Guerra's 42 U.S.C. § 1983 complaint. Guerra thus did not allege with sufficient specificity that he exhausted his administrative remedies before filing the instant civil rights action. <u>See</u> <u>Wendell</u>, 162 F.3d at 890; <u>Underwood</u>, 151 F.3d at 296.

In light of the foregoing, the district court did not err in dismissing without prejudice Guerra's 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. The district court's judgment is AFFIRMED.