UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10790
SUMMARY CALENDAR

_____

LARRY JOSEPH COLEMAN

        Plaintiff - Appellant

   v.

MICHAEL W. JONES; ROCSELLE MCLANNY; TIMOTHY REVELL, Doctor; K.
RATNARAJAH, Doctor; NFN RIDGE; CLASSIFICATION DEPARTMENT; NFN NUNN;
B.H. LEE; NFN MYEIS; NFN EVANS; NFN LARSON; NFN BUSBY; NFN CHAPPLAIN;
NFN PUGH; NFN WELLS; NFN ORE; NFN GUY; NFN BLACKBURN; MEDICAL, Neal Unit

        Defendants - Appellees

_____

On Appeal from the United States District Court for the
Northern District of Texas, Amarillo Division
(2:02-CV-23)
_____

January 2, 2003

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

      Larry Joseph Coleman, Texas prisoner # 720018, appeals the district court's dismissal of

his 42 U.S.C. § 1983 action. The district court dismissed some of Coleman's claims as barred by

the two-year statute of limitations. Because Coleman does not address whether the district court

---

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

erred in dismissing these claims as time-barred, he has abandoned this issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Coleman argues that the district court erred in dismissing for failure to exhaust his administrative remedies his claim that Nurses Chapplain and Busby denied him certain pain medication. Because the grievance concerning this claim had not been processed at the time that Coleman filed his complaint, the district court did not err in dismissing this claim for failure to exhaust administrative remedies. *See Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1997).

Coleman argues that various defendants gave him only generic pain medication and would not give him Darvocet. Coleman's disagreement with the defendant's prescription of a given medication is not sufficient to establish the defendant's deliberate indifference to his serious medical needs. *See Norton v. Dimanza*, 122 F.3d 286, 292 (5th Cir. 1997).

Coleman argues that Nurse Larson refused to give him pain medication for his feet and that he was subsequently diagnosed with gout. Coleman's allegations indicate that at most Nurse Larson was negligent, but not that she was deliberately indifferent to his serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Coleman argues that Nurse Evans and Dr. Ore took away his "blue card" pass which allowed him to wear a cap and sunglasses at all times to protect his eyes. Because the record indicates the order for the cap and sunglasses had expired at the time Dr. Ore revoked the pass, Coleman has not shown that these defendants were deliberately indifferent to his serious medical condition. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991).

Coleman argues that when he asked Officer Blackburn to get him a meal, Officer Blackburn cursed at him and refused to get him a meal. The record does not support Coleman's

allegation as the response to Coleman's Step 2 grievance states that Officer Blackburn denied cursing at Coleman and stated that Coleman was given a sack lunch. Further, the denial of a meal on a single occasion does not amount to the deprivation of the "minimal measure of life's necessities." *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Coleman's appeal is without arguable merit and is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The district court's dismissal of Coleman's 42 U.S.C. § 1983 complaint and this court's dismissal of this appeal both count as "strikes" under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Coleman is cautioned that if he accumulates three "strikes" under 28 U.S.C. § 1915(g), he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.

APPEAL DISMISSED; SANCTION WARNING ISSUED.