United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30819
Conference Calendar

_____

JOHN L. MARTIN,

Plaintiff-Appellant,

versus

MIKE FOSTER; RICHARD STALDER; JIM ROGERS; JAMES M. LEBLANC;
TIM WILKINSON; C.M. LENSING; UNIDENTIFIED PARTY;
ROLAND LADYREK; CHARLES C. FOTI, JR.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3385
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

John L. Martin, Louisiana inmate #182277, proceeding pro se
and in forma pauperis ("IFP"), appeals the dismissal of his 42
U.S.C. § 1983 complaint.  Martin asserts that while he was
confined in the Orleans Parish Prison, he did not receive medical
treatment for his injured finger, he was subjected to less than
adequate security and witnessed inmate assaults, and he was
denied sufficient clothing and heat.  He contends that at the

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Hunt Correctional Center, the law library was inadequate, the meals were not nutritious, the security was not sufficient, he was denied adequate medical treatment, and he was housed in overcrowded cells where other inmates, including HIV-positive inmates, were committing sexual acts.

The district court dismissed Martin's claims based on the conditions of his confinement as frivolous because Martin sued supervisory personnel and did not allege personal involvement by the defendants. Martin has not addressed the district court's reasons for dismissing his claims. Accordingly, Martin has abandoned an appeal of these issues. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court dismissed Martin's claims based on the conditions of confinement in the Orleans Parish Prison as unexhausted. A prisoner must exhaust available administrative remedies prior to bringing a 42 U.S.C. § 1983 complaint. 42 U.S.C. § 1997e(a); Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998). Although Martin mentions that there was no administrative remedy procedure and that he did not receive responses to grievances, he has not challenged sufficiently the district court's determination that his claims were not exhausted. Brinkmann, 813 F.2d at 748.

Martin has abandoned his claims concerning the disciplinary proceedings and his release on parole by failing to assert the

issues in this court.  <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).

Martin contends that he was not afforded sufficient notice of the <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985), hearing and that he was required to appear at the hearing without his notes.  Martin, however, has not explained how the presentation of his issues was affected by the alleged lack of notice and the absence of his notes.

Martin's appeal is without arguable merit and is dismissed as frivolous.  <u>See</u> 5TH CIR. R. 42.2; <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983).  The dismissal of this appeal as frivolous and the district court's dismissal of Martin's 42 U.S.C. § 1983 complaint each count as "strikes" under the three-strikes provision of 28 U.S.C. § 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387-88 (5th Cir. 1996); 28 U.S.C. § 1915(e)(2)(B)(ii).  Martin is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.