United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-60482
Summary Calendar

———————————

LONNIE DONNELLY,

Plaintiff-Appellant,

versus

LINDA EDWARDS; SCOTT FITCH, Warden; DIANE FOY, Commander;
DANA RICKS, Hearing Officer; NICHOLE BERANICH, Unit Manager;
W. CLEMENS, Chief of Security,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1538-WS
---------------------

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

Lonnie Donnelly, Mississippi prisoner # K1304, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 complaint. The magistrate judge dismissed Donnelly's claims regarding a denial of access to the courts for failure to state a constitutional claim. Donnelly has not established that he was unable to proceed in a court case as a result of the delays and the denial of assistance in the law library. See Lewis v. Casey, 518 U.S. 343, 349-53 (1996); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1993). Donnelly has not established that the magistrate judge erred in denying relief on this ground. See Calhoun v. Hargrove, 312 F.3d 730, 733 (5th Cir. 2002).

The magistrate judge dismissed the remainder of Donnelly's claims because he had not established that he had exhausted his administrative remedies. The exhaustion requirement of 42 U.S.C. § 1997e(a) is mandatory. Days v. Johnson, 322 F.3d 863, 866 (5th Cir. 2003). However, a mere allegation of exhaustion without proof is sufficient to overcome dismissal. Underwood v. Johnson, 151 F.3d 292, 296 (5th Cir. 1998). Donnelly's allegations against Scott Fitch, Diane Foy, Nichole Beranich, and W. Clemens do not sufficiently specify the exhaustion of administrative remedies, and the dismissal by the magistrate judge is AFFIRMED.

Donnelly alleges, however, that he filed an administrative appeal following his disciplinary conviction by Dana Ricks and that relief was denied on appeal. This assertion is sufficient to establish the exhaustion of administrative remedies. See id. However, Donnelly cannot establish that he is entitled to relief on this claim. See Sandin v. Conner, 515 U.S. 472, 475, 486-87 (1995); Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Therefore, this court AFFIRMS the dismissal on this alternate ground. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

AFFIRMED.